UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 20-61423-CIV-ALTMAN/HUNT

JAMES VERSFELT,

    Plaintiff,

v.

SANZA FOOD SERVICE, LLC,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Verified Motion for Bill of Costs ("Motion"), ECF No. 66. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 69; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motion, the undersigned respectfully RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 66, be GRANTED in part as set forth below.

## BACKGROUND

James Versfelt ("Plaintiff") brought this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b), (c), and 29 U.S.C. § 623(a)(1), against Sanza Food Service LLC ("Defendant") alleging unlawful age discrimination. ECF No. 1-1. On February 16, 2022, the District Court entered summary judgment in favor of Defendant. ECF No. 64. The District Court then entered final judgment in favor of Defendant. ECF No. 65.

Defendant, asserting that it is the prevailing party, now moves this Court for an award of taxable costs pursuant to 28 U.S.C. §1920 for costs incurred in litigating this dispute. ECF No. 66. Plaintiff filed a response in opposition and Defendant filed a reply in support of its Motion. ECF Nos. 72, 75.

## DISCUSSION

1. Costs

Defendant seeks to recover $5,383.25 in litigation costs, which result from fees for transcripts obtained for use in the case, service of process fees, and the filing fee. ECF No. 66.

    A.    Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011). "A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017).

Here, the District Court entered final judgment in favor of Defendant in accordance with its Order on Summary Judgment. Further, nowhere in Plaintiff's Response does he contest that Defendant is the prevailing party. *See* ECF No. 72. Therefore, the undersigned finds that Defendant is the prevailing party and entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d).

### B. Recoverable Costs

Accordingly, as Defendant is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

#### 1. Service of Process Fees

Defendant seeks to recover $414 for fees paid to process servers to serve subpoenas issued to seven companies that Plaintiff identified in his interrogatory answers or his resume. Defendant contends that these fees were necessarily incurred in the defense of this action. Defendant argues that only in two instances did the subpoena charges exceed $65 ($75 and $100). In one instance, the company to be served was in Tallahassee, Florida, which is outside of the general local area for the private process server. In the second instance, the company refused to accept service of the subpoena at the first location and the subpoena had to be served at the second location. Plaintiff responds that the total cost for service should be limited to $65 or denied entirely since Defendant did not use any of the documents during Plaintiff's deposition or in its motion for summary judgment.

"[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable

provided the rate charged does not exceed the cost of having a U.S. Marshal effect service.  *See id.*  28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."  After reviewing the invoices and the pleadings, the undersigned does not find any justification for process server fees in excess of the standard $65 charged by the U.S. Marshals Service.  Accordingly, the undersigned recommends that Defendant be entitled to tax costs in the amount of $369 (this number is achieved by reducing both fees that are in excess of $65 to $65).

2. Court Reporter and Transcripts

Defendant next seeks an award of taxable costs for fees related to printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $4,436.05.  Defendant contends that the depositions were necessary because the deponents were identified as having knowledge relevant to Plaintiff's claims and the deponents' testimonies were relied upon in Defendant's Motion for Summary Judgment and Reply.  Defendant also asserts that most, if not all, of the deponents were expected to testify at trial.  Additionally, Defendant seeks to recover costs associated with the transcript of the status conference related to its summary judgment motion in the amount of $133.20.  Defendant contends that the transcript was necessary due to opposing counsel informing him of Plaintiff's desire to appeal the order granting summary judgment.

Plaintiff responds that Defendant has not offered any explanation as to the total costs associated with the fees for deposition transcripts.  Specifically, Plaintiff contends that Defendant has not shown why expedited service, duplicate copies of transcripts, and

4

litigation packages were necessary. Plaintiff argues that these charges were incurred solely for the convenience of counsel; thus, Plaintiff asserts they are not reimbursable under § 1920. Overall, Plaintiff takes issue with most, if not all, of the incidental charges associated with multiple depositions and contends that Defendant's Motion should either be denied entirely or reduced by $1,434.60

Defendant replies it will not dispute a reduction in the amount of $76 for the litigation package and electronic delivery fees. Nevertheless, Defendant contends it is entitled to the other costs associated with the depositions. Specifically, Defendant argues that the hour surcharge was incurred as a result of the time required for Plaintiff to respond to the questions in his deposition. Defendant further argues that it was necessary to review all issues relating to Plaintiff's claim in order to prepare its defense.

"A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. *Id.* (citing *W & O*, 213 F.3d at 621). "Recoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem." *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV-ROSENBAUM, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012). Depositions costs that are merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, are not recoverable. *Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-61403-CIV-COHN, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014). For example,

additional expenses that are frequently included in stenographer invoices such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping, are not reimbursable because such extra services are typically only for the convenience of counsel.  *Davis v. United States*, No. 08-81447-CIV-HURLEY/HOPKINS, 2010 WL 3835613, at *4 (S.D. Fla. Sept. 7, 2010); *Ashkenazi*, 2014 WL 3673308, at *2–3 (declining to tax costs associated with delivery and exhibits); *but see Feise v. N. Broward Hospital District*, No. 14-61566-CIV-BLOOM/VALLE, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (noting a split in this Circuit regarding the taxability of transcript postage, handling, and shipping, but ultimately finding that such costs are part of the "fees" of the transcript).

Here, the undersigned finds that Plaintiff has not met his burden of showing that the transcripts were not for use in the case.  Defendant stated the depositions were either used for the summary judgment stage or in preparation of its defenses for trial.  Plaintiff has not provided reason for this Court to believe otherwise.  Additionally, the undersigned agrees with the Court in *Feise* that postage, handling, and shipping are included as a part of the "fees" associated with the transcript.  In regard to Plaintiff's objections to the extended hour and the exhibit share costs, the undersigned finds these costs to be recoverable as the deposition was of Plaintiff, and given the geographical location of Plaintiff (Oregon), his counsel (Florida), Defendant's counsel (Florida), and additional complications due to the COVID-19 pandemic, such measures were needed to conduct the deposition remotely.  Lastly, the undersigned finds that Defendant is entitled to tax costs associated with the transcript from the status conference.  Therefore, the undersigned recommends that Defendant recover taxable costs for transcripts in the

amount of $4,493.25 (the sum of $4,360.05[1] in deposition transcript costs and $133.20 in costs for the status conference transcript).

Lastly, Defendant seeks to tax costs in the amount of $400 for the removal of the instant action from state court to this Court.  This fee is reimbursable as it falls within the scope of taxable costs under § 1920(1). *See Louis-Charles v. Public Health T. of Miami-Dade Cty.*, No. 15-22372-CIV-KING/TORRES, 2015 WL 7351577 (S.D. Fla. Nov. 10, 2015) (granting award of removal fee to defendant).  Therefore, the undersigned recommends that the $400 removal fee be awarded as fees of the Clerk.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 66, be GRANTED in part.  Defendant should recover taxable costs of $5,262.25 (the sum of $400 for the filing fee, $369 for fees for service of subpoenas, and $4,493.25 for fees for court reporters, deposition and hearing transcripts).  The undersigned recommends that the Motion be otherwise DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).

---

1. This number includes the $76 reduction Defendant agreed to in relation to the litigation package for the depositions.

The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 17th day of June 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Roy K. Altman

All Counsel of Record